```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ROBERT BRIAN CRIM, an individual,
all substitute teachers as a class,
or which Robert Brian Crim, an
individual, is a representative
member,

                Plaintiff,

vs.　　　　　　　　　　　　　　　Case No.  2:10-cv-251-FtM-29DNF

BOARD OF EDUCATION OF COLLIER
COUNTY, FLORIDA, a political
subdivision of the State of Florida,
COLLIER COUNTY PUBLIC SCHOOLS, a
political subdivision of the State
of Florida, DENNIS THOMPSON,
Superintendent of Schools, Collier
County, Florida an individual, ALLUN
HAMBLETT, an individual employed by
Collier County Public Schools,
DEBORAH TERRY, an individual
employed by Collier County Public
Schools, TERRY BURDICK, an
individual employed by Collier
County Public School, GLADYS
RODRIGUEZ, an individual employed by
Collier County Public Schools,
FRONTLINE PLACEMENT TECHNOLOGIES,
INC., a corporation doing business
in Collier County, Florida,

                Defendants.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on defendant Frontline Placement Technologies, Inc.'s Motion to Dismiss Plaintiffs' Complaint (Doc. #17) filed on September 20, 2010.  Plaintiff filed a Memorandum in Opposition (Doc. #23) on December 9, 2010.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiff Robert Brian Crim (Crim or plaintiff) filed a 13-count, 28-page Complaint Seeking Money Damages, Injunctive,

Declaratory and Extraordinary Relief (Doc. #1) on April 26, 2010. Plaintiff seeks to proceed as a class action and on behalf of himself and all members of the affected class consisting of between 300 and 700 substitute teachers in Collier County Public Schools. Plaintiff asserts that his First and Fourteenth Amendment rights under the United States Constitution were violated and that his civil rights were violated under Title 42, United States Code, Section 1983.  Plaintiff also asserts state claims.

Defendants include the Board of Education of Collier County, Florida (the Board), Collier County Public Schools (School District), Dr. Dennis Thompson (Thompson), Superintendent for the Board, Allun Hamblet (Hamblet), Director of Human Resources for the Board, Deborah Terry (Terry), an employee of the Board, Gladys Rodriguez (Rodriguez), an employee of the Board, Terry Burdick (Burdick), an employee of the Board, and Frontline Placement Technologies, Inc. (Frontline), a Pennsylvania corporation doing business under contract to provide substitute-placement software to the School District that is being used to deny due process rights to substitute teachers.  (Doc. #1, ¶ 6k.)

Taking all allegations as true, and liberally construing same, at this stage of the proceedings, substitute teachers in Collier County, Florida obtain substitute assignments from the Board via a computerized system made available by Frontline and known as Aesop. Employees, at a "mere request" of teachers, administrators, or

individuals, have the ability to block designated substitute teachers from receiving assignments and effectively "partially suspending" the substitute teacher by depriving him or her access to the entire pool of jobs. (Id., ¶ 10.) Plaintiff alleges that the employees were not adequately trained and are "applying local custom and usage" in violation of the Constitution of the United States and Florida, Florida statutory law, and 42 U.S.C. § 1983. (Id., ¶ 11.)

During the 2007-2008 school year, three complaints were lodged against plaintiff in his capacity as a substitute teacher by non-defendants. Bard Keeler, chairman of the social sciences department at Palmetto Ridge High School[1]; Tamara Caraker, assistant principal at Lely High School[2]; and Mary Murray, principal at Golden Gate Middle School[3] each induced an employee-

---

[1] In an e-mail to defendant Rodriguez, Esperanza Rionda, on behalf of Mr. Keeler, it was requested that Mr. Crim be blocked from viewing future assignments for Mr. Keeler and the teachers in his department because plaintiff "tries too hard and overwhelms the students with misleading information. This leads him to modify/add his own plans to those left by the teacher." (Doc. #1-1, p. 3.)

[2] In an e-mail to defendant Rodriguez, Ms. Caraker stated that plaintiff left a very negative note about his experience substituting. The note included references to the students as "self-appointed jackasses", that they "should return to where they came from", and "stay dumb as a fence post." Ms. Caraker asked that plaintiff be blocked from Lely High School and other schools if possible. (Doc. #1-1, p. 10.)

[3] In an e-mail to defendant Burdick, Juanita Santos, on behalf of Ms. Murray, asked that plaintiff be blocked from viewing vacancies because he used inappropriate language on his cell phone
(continued...)

defendant to block plaintiff from any further assignments by e-mails thereby creating an arbitrary "three strikes" rule. (Id., ¶¶ 12-13.)  Upon complaint by vice principal Carolyn Wilson or her secretary, the termination was rescinded but plaintiff was placed under suspension and was blocked from teaching at any school except for Palmetto Ridge High School, not including the social sciences department, and defendant Burdick authorized the suspension as permanent without notice or a hearing. (Id., ¶ 14.)

Plaintiff was informed some months later of the 3 charges and responded to each in writing, but was never notified of any appeal rights, was denied a request for a hearing, and the Board ignored plaintiff's request for payment of monies owed while he was suspended. (Id., ¶¶ 15-16.)  During the summer of 2008, the Board amended its policies, created a "two strikes" rule and applied it retroactively to plaintiff to "avoid facing the legal consequences of what they did." (Id., ¶ 17.)

In April 2009, plaintiff's pay was unilaterally cut by the Board by $1 per hour.  This pay cut was imposed on all substitute teachers who plaintiff purports to represent. (Id., § 19.)

On November 2, 2009, defendant Burdick sent plaintiff an e-mail informing him that one of the schools in which he worked had requested that he be restricted from substituting in the future,

---

[3](...continued)
around students.  (Doc. #1-1, p. 17.)

noting that plaintiff had already been restricted from Manatee Middle School for 2009-2010, and if "restricted from a total of three schools for any reason within a one year period", plaintiff would no longer be called for substitute work in Collier County, Florida. Plaintiff remains blocked, his password has been disabled, and the Board has not offered a hearing in response to demands. (Doc. #1, ¶ 20; Doc. #1-1, p. 35.) Plaintiff has complied with procedural requirements under Fla. Stat. § 768.28, but has not and is unable to comply with Fla. Stat. § 1012.33(6)(a).

Count One alleges a failure to comply with Fla. Stat. § 1012.33 as to the Board; Count Two alleges a breach of contract by unilaterally cutting pay as to the Board; Count Three alleges a violation of Fla. Stat. § 1012.31 as to Rodriguez and Burdick; Count Four alleges a due process violation under the Fourteenth Amendment of the U.S. Constitution as to Terry; Count Five alleges a violation of his First Amendment rights to express his opinion on matters of public concern as to Rodriguez and Terry; Count Six alleges a violation of due process rights under Fla. Stat. § 1012.31 as to Rodriguez, Terry, and Burdick; Count Seven alleges that Rodriguez, Terry, and Burdick violated his due process rights under 42 U.S.C. § 1983; Count Eight alleges a violation of his property interest in his state employment as to Terry only; Count Nine alleges the same as to Terry, Hamblett, and Thompson; Count

Ten alleges that Thompson, Hamblett, Terry, Rodriguez, Burdick, and the School District failed to restore plaintiff to full service or award back pay based on a local custom or usage; Count Eleven alleges a violation of his due process rights under the Florida and U.S. Constitution as to Thompson, Hamblett, Terry, Rodriguez, Burdick, and the School District; Count Twelve alleges that Thompson, Hamblett, Terry, Burdick, and Rodriguez have refused to retract accusations placed in plaintiff's personnel file; and Count Thirteen appears to add the Board and the School District to the allegations in Count Twelve.

Plaintiff seeks declaratory relief with regard to substitute teacher protections, monetary damages, the creation of a fund with plaintiff as the beneficiary, and injunctive relief, including to enjoin Frontline from distributing its Aesop and obliging Frontline to create software patches to safeguard its existing systems.

### III.

Defendant argues that plaintiff cannot maintain a class action and represent others *pro se*, and therefore the class action allegations should be stricken. Defendant further argues that plaintiff has no standing to sue Frontline for providing software to the school system without a wrongful conduct, that the Complaint is a "shotgun" pleading, and that Frontline is not a "state actor". Frontline does not appear to be identified in any of the thirteen counts as a defendant, even though plaintiff seeks injunctive

relief against Frontline. Because the Court finds that Frontline is not named in an any of the counts, the Court will grant the motion. Plaintiff will be permitted to amend to the extent that he can do so in light of the heavy burden associated with a Section 1983 claim against a private entity. See, e.g., Wilson v. Dollar-Thrifty Auto Group-South Fla. Transp., 286 F. App'x 640, 641-42 (11th Cir. 2008).

Accordingly, it is now

**ORDERED**:

1. Defendant Frontline Placement Technologies, Inc.'s Motion to Dismiss Plaintiffs' Complaint (Doc. #17) is **GRANTED** to the extent that defendant Frontline is dismissed without prejudice.

2. Plaintiff may file an amended complaint, as to all named defendants, as a single document, if he wishes to allege a claim(s) against Frontline in the count(s). If no amended complaint is filed, the Court will terminate Frontline as a party-defendant in this action.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record